# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 5, 2023

Lyle W. Cayce
Clerk

No. 22-50439

Erik Carrasco

*Plaintiff—Appellee*,

*versus*

Terry Henkell,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:21-CV-190

---

Before King, Jones, and Duncan, *Circuit Judges*.

Per Curiam:[*]

Officer Terry Henkell was sued for violating the Fourth Amendment after he swore out an allegedly incomplete probable cause affidavit to arrest Erik Carrasco. The affidavit did not state that, besides Erik, Henkell had information that two other men named "Carrasco" were possible suspects. The district court denied Henkell's motion to dismiss based on qualified

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-50439

immunity. We reverse and render judgment granting Henkell qualified immunity. Even if Henkell violated the Fourth Amendment, something we do not decide, Carrasco has not identified a single controlling precedent showing that Henkell transgressed clearly established law.

## I.

Crocket Middle School is part of the Ector County Independent School District ("District").[1] On November 1, 2019, Officer Terry Henkell, a member of the District's police department, received a call from a female seventh grader at Crocket. The student claimed that, on October 23, 2019, her substitute teacher, "Mr. Carrasco," inappropriately touched her breast. Over the next several days, Henkell interviewed the victim and other students, learning that "Mr. Carrasco" had been substituting at Crocket for the past three weeks, was "about 21 years of age," was "Mexican American," and had brown eyes. Henkell also learned about the teacher's TikTok account ("mlpcrybaby5"), which he advertised to students. Finally, Henkell obtained from the District's human resources office the names and contact information of three persons surnamed "Carrasco" employed by the District, one of whom was Appellee Erik Carrasco.

On November 12, 2019, Henkell phoned one of the other Carrascos on the list but got no answer. Later that day, without calling the other two numbers, Henkell swore out an affidavit to arrest Erik for the crime of Indecency with a Child, a second degree felony under Texas law. *See* Tex. Penal Code §§ 21.11(a)(1), (c)(1), (d); *id.* §§ 21.12(a)(1), (b), (e)(1). The affidavit summarized the touching incident according to the accounts of the victim and witnesses. It identified the suspect as "Erik Carrasco," a "white

---

[1] The facts are taken from the complaint, whose well-pleaded allegations we accept as true for purposes of evaluating the officer's entitlement to qualified immunity. *See Terwilliger v. Reyna*, 4 F.4th 270, 280 (5th Cir. 2021).

male," with a date of birth making him 29 years old. It also mentioned that the suspect talked to students "about Tik Tok." The affidavit, however, did not explain how Henkell's investigation linked Erik to the touching incident, nor did it mention that Henkell had been given the names and contact information of two other "Carrascos" employed by the District.

Erik was arrested and charged with two felonies: Indecency with a Child and Sexual Contact and Improper Relationship between Educator and Student. *See* Tex. Penal Code §§ 21.11(a)(1), (c)(1), (d); *id.* §§ 21.12(a)(1), (b), (e)(1). He lost his job and had to hire an attorney, post bond, and abide by special bond conditions. The charges against Erik were dropped, however, when it came to light that he was the wrong Carrasco. True, both Erik and the real suspect taught in the District and both were Hispanic. But it turned out that Erik was a tutor at Ector Middle School, not a substitute teacher at Crocket. Eric was 29, not 21, and he had hazel eyes, not brown eyes. And the TikTok account contained a photo of the real suspect that did not look like Erik.

Erik sued Henkell under 42 U.S.C. § 1983 for false arrest in violation of the Fourth Amendment.[2] Specifically, Erik alleged that Henkell recklessly omitted material facts from his affidavit that, had they been included, would have vitiated probable cause to arrest him. *See Winfrey v. Rogers*, 901 F.3d 483, 494 (5th Cir. 2018) ("[A] defendant's Fourth Amendment rights are violated if (1) the affiant, in support of the warrant, includes 'a false statement knowingly and intentionally, or with reckless disregard for the truth' and (2) 'the allegedly false statement is necessary to the finding of probable cause.'" (quoting *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978))). He sought

---

[2] Carrasco also claimed that Henkell violated his substantive due process rights under the Fourteenth Amendment. The district court held that Carrasco's claim sounds only in the Fourth Amendment. *Carrasco v. Henkell*, 2022 WL 1760807, at *2–3 (W.D. Tex. May 17, 2022). Carrasco does not appeal this ruling.

damages for emotional distress, deprivation of liberty, loss of income, and damage to his reputation. He also sought attorney's fees and punitive damages.

Henkell moved to dismiss for failure to state a claim and asserted qualified immunity. The district court denied Henkell's motion, holding that Carrasco stated a Fourth Amendment claim and that Henkell is not entitled to qualified immunity. *Carrasco v. Henkell*, 2022 WL 1760807, at *3–5 (W.D. Tex. May 17, 2022). Henkell appealed.

## II.

We have jurisdiction to review by interlocutory appeal the denial of a motion to dismiss premised on qualified immunity. *Ramirez v. Escajeda*, 921 F.3d 497, 500 (5th Cir. 2019) (citing *Brown v. Miller*, 519 F.3d 231, 236 (5th Cir. 2008)). Our review is "*de novo*, accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiff." *Brown*, 519 F.3d at 236 (citation omitted). On interlocutory appeal, however, "our review is 'restricted to determinations of questions of law and legal issues.'" *Ramirez*, 921 F.3d at 500 (quoting *Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 194 (5th Cir. 2009)). Accordingly, in this posture we may review only "whether the facts pleaded establish a violation of clearly-established law." *Id.* at 501 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 673 (2009)) (cleaned up).

## III.

To overcome qualified immunity, Carrasco has the burden to (1) sufficiently plead that Henkell violated the Fourth Amendment, and (2) show that the violation was "clearly established" at the time of the alleged misconduct. *Pearson v. Callahan*, 555 U.S. 223, 232 (2009); *Club Retro*, 568 F.3d at 194. On interlocutory appeal, Henkell properly limits his arguments to the second prong. *See Ramirez*, 921 F.3d at 501 & n.3 (explaining we lack jurisdiction on interlocutory appeal "to decide the

sufficiency of the pleadings" (citing *Brown*, 519 F.3d at 238)). Specifically, Henkell argues that Carrasco failed to identify controlling precedent showing that he violated clearly established law and that, accordingly, the district court erred in denying his motion to dismiss based on qualified immunity. We agree.

According to Erik's allegations, Henkell violated the Fourth Amendment by submitting an affidavit that recklessly omitted facts that would have defeated probable cause. Specifically, he alleges that Henkell left out the facts that two other District employees shared Erik's last name and that Henkell had not ruled out those persons before seeking a warrant to arrest Erik. The district court agreed. Citing the now-vacated panel opinion in *Villarreal v. City of Laredo*, 17 F.4th 532, 539 (5th Cir. 2021), *vacated on en banc reh'g*, 52 F.4th 363, the court reasoned that Henkell's failure to eliminate suspects with the same last name constituted an "obvious" violation of the Supreme Court's decision in *Franks*, 438 U.S. 154. *Franks* held that the Fourth Amendment entitles a defendant to a hearing on the veracity of a warrant affidavit if he can show "deliberate falsehood" or "reckless disregard for the truth" that would defeat probable cause. *Id.* at 171.

In qualified immunity cases, courts must not "define clearly established law at too high a level of generality." *City of Tahlequah v. Bond*, 142 S. Ct. 9, 11 (2021) (per curiam); *see also Morgan v. Swanson*, 659 F.3d 359, 373 (5th Cir. 2011) (en banc). To be clearly established, a right must be "sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Betts v. Brennan*, 22 F.4th 577, 584 (5th Cir. 2022) (internal quotation marks omitted). Accordingly, the right must be framed "with specificity and granularity." *Morrow v. Meachum*, 917 F.3d 870, 874–75 (5th Cir. 2019). Qualified immunity thus shields officers "unless existing precedent 'squarely governs' the specific facts at issue," *Kisela v. Hughes*, 138 S. Ct. 1148, 1153 (2018) (quoting *Mullenix v. Luna*, 577 U.S. 7, 13

(2015)), and puts that question "beyond debate," *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Those well-settled principles lead us to disagree with the district court's denial of qualified immunity. Instead of framing the claimed right with specificity, the court only "recite[d] the general contours of *Franks* liability." *Laviage v. Fite*, 47 F.4th 402, 408 (5th Cir. 2022). But the court did not identify a single controlling precedent holding that an officer who fails to rule out other suspects with the same last name and similar relevant characteristics necessarily exhibits a "reckless disregard for the truth" or states a "deliberate falsehood." *Franks*, 438 U.S. at 171. Indeed, Erik's counsel admitted the lack of such precedent at oral argument.[3]

To defeat qualified immunity, however, "[m]uch more is needed" than the ostensible violation of a general legal principle. *Laviage*, 47 F.4th at 408. A court "cannot deny qualified immunity without identifying a case in which an officer acting under similar circumstances was held to have violated the Fourth Amendment, and without explaining why the case clearly proscribed the conduct of that individual officer." *Joseph v. Bartlett*, 981 F.3d 319, 345 (5th Cir. 2020); *see also Vincent v. City of Sulphur*, 805 F.3d 543, 547 (5th Cir. 2015) ("Abstract or general statements of legal principle untethered to analogous or near-analogous facts are not sufficient to establish a right 'clearly' in a given context; rather, the inquiry must focus on whether a right is clearly established as to the specific facts of the case.").

Indeed, controlling precedent cuts against Carrasco's position. For instance, in *Baker v. McCollan*, 443 U.S. 137 (1979), the Supreme Court held that a sheriff did not violate the Fourth Amendment when he arrested

---

[3] Oral Argument at 21:17, Carrasco v. Henkell (No. 22-50439), https://www.ca5.uscourts.gov/OralArgRecordings/22/22-50439_4-3-2023.mp3.

*Leonard* McCollan instead of *Linnie* McCollan, despite the fact that the suspect's available picture would have alerted the sheriff that Leonard was the wrong man. *Id.* at 145–46. As the Court explained, "[g]iven the requirements that arrest be made only on probable cause and that one detained be accorded a speedy trial, we do not think a sheriff executing an arrest warrant is required by the Constitution to investigate independently every claim of innocence." *Id.* at 146.

Our court has also granted qualified immunity in similar cases. For instance, in *Nerio v. Evans*, 974 F.3d 571 (5th Cir. 2020), we granted qualified immunity against a *Franks* claim to officers who mistakenly arrested a man with the same name as the suspect (the two men were half-brothers). *Id.* at 574–75. Similarly, in *Bosarge v. Miss. Bureau of Narcotics*, 796 F.3d 435 (5th Cir. 2015), we held it was not a violation of clearly established law when narcotics agents wrongly identified the plaintiff as a participant in a drug ring and caused him to be detained for six months. *Id.* at 442. We explained that it is "well-established . . . that reasonable mistakes by police officers, even leading to the arrest of the wrong person, do not implicate the Fourth Amendment." *Id.* (citing *Heien v. North Carolina*, 574 U.S. 54, 66 (2014) (noting that the Fourth Amendment tolerates objectively reasonable mistakes)); *see also Blackwell v. Barton*, 34 F.3d 298, 304 (5th Cir. 1994) (officer was entitled to qualified immunity after he arrested a person with "the same height and weight, sex, race, age, nickname, and at the location where he expected to find [the suspect]").

Because no controlling precedent would have given Henkell "fair notice" that his conduct was unconstitutional, he is entitled to qualified immunity. *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004). By resolving the case on this basis, we necessarily express no opinion whether Henkell's actions, as alleged in the complaint, violated the Fourth Amendment.

No. 22-50439

## IV.

We REVERSE the district court's judgment and RENDER judgment dismissing the case against Officer Henkell on the basis of qualified immunity.